{¶ 58} I agree with the majority's judgment and with most of its opinion. I write separately to note my disagreement with the majority's application of an abuse of discretion standard of review to the first, second, and fifth assignments of error. I do not believe a trial *Page 24 
court has discretion to receive hearsay into evidence or to receive other acts evidence in violation of Rule 404(B) of the Ohio Rules of Evidence. That said, however, the trial court did not err by allowing into evidence Rupal's prior consistent statements or the other acts evidence at issue.
 {¶ 59} In addition, as noted by the majority, one of Chetan's arguments in support of his third assignment of error is that his lawyer was ineffective for failing to request an instruction that "inferences should be resolved in his favor if circumstances create `equal inferences' consistent with either a theory of guilt or innocence." The instruction Chetan suggests his lawyer should have requested is no longer a correct statement of Ohio law, and, accordingly, his trial lawyer was not ineffective for failing to request it. See State v.Jenks, 61 Ohio St. 3d 259, paragraph one of the syllabus (1991). *Page 1